United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 26, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-20514

_____

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

3614 DOROTHY LANE PEARLAND, TEXAS also known
as Lot 28 Block 11 Parkview Subdivision, Section 1, an
Addition in Brazoria Texas,

Defendant,

RAYMOND KLIESING,

Claimant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(No. H-00-CV-2852)

_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The defendant property, 3614 Dorothy Lane, Pearland, Texas is a single family dwelling

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

owned by Raymond E. Kliesing ("Kliesing"), the claimant-appellant. Kliesing appeals the district court's judgment of forfeiture in favor of the United States in light of the Supreme Court's ruling in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).

Kliesing and his minor son occupied the defendant property from April 1996 to November 1, 2000. For approximately 24 months prior to September 3, 1998, Kliesing used a desktop computer located on the defendant property to download sexually explicit visual depictions of children as young as age 8 from the Internet. Kliesing stored the images on zip disks, which he kept in the bedroom and kitchen of the defendant property. The disks contained no fewer than 711 images.

A grand jury indicted Kliesing on 34 counts of possession of child pornography and one count of receipt of approximately 350 depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252 and 2252A. Kliesing pled guilty to one count of possession of child pornography and one count of receipt of approximately 350 visual depictions of minors engaging in sexually explicit conduct. Kliesing stipulated in his plea agreement that he knew the sexually explicit images to be of children as young as age 8, and that qualified medical doctors (pediatric endocrinologists) had examined the images seized from him and determined that they depicted children ranging from about age 4 to about age 14. Yet, in the portion of the plea agreement which lists the items seized from Kliesing's home, there is a note in marginalia, initialed by Kliesing, his attorney and the Government's attorney, which reads: "[n]ote that Kliesing denies that the images were of children."

The Government instituted a civil forfeiture suit against defendant property on August 18, 2000 pursuant to 18 U.S.C. § 2254(a)(2), which allows the Government to seize property "real or

2

personal, used or intended to be used to commit or to promote the commission of an offense" under Chapter 109A, which addresses the sexual exploitation of children. The district court granted summary judgment to the Government and entered a judgment of forfeiture in favor of the United States.

Kliesing contends that the judgment of forfeiture should be set aside in light of the Supreme Court's ruling in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234. In *Ashcroft*, the Court struck down a portion of the Child Pornography Prevention Act, 18 U.S.C. § 2251 *et seq*. The Court found that §§ 2256(8)(B) and 2256(8)(D), which prohibited pornography using "virtual children", were unconstitutionally overbroad. *Id.* Kliesing contends that because the Government never specified whether his offenses involved actual children, this Court should set aside the judgment of forfeiture.

"Supreme Court decisions apply retroactively and prospectively to all cases on direct appeal whenever applied to the litigants before the Court." *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 282 (5th Cir. 1999) (citing *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993)). However, when law changes in an unanticipated way during an appeal, this Court will generally remand the matter to the district court to give the parties the opportunity to present evidence relevant to the new law. *Id.*

The indictment and the plea agreement do not specify whether actual children were depicted in the child pornography found on Kliesing's zip disks. Consequently, we VACATE the district court's judgment and REMAND for further proceedings to determine whether the children depicted were actual or virtual.

3